UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01985-JLS-ADS  Date: November 30, 2020
Title: Oumere, LLC et al v. Cyrille Raymond Laurent

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                             Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING PLAINTIFFS'** *EX PARTE* **APPLICATION FOR A TEMPORARY RESTRAINING ORDER (DOC. 10)**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order, Other Equitable Relief, and Order to Show Cause re Issuance of a Preliminary Injunction Order.  (App., Doc. 10.)   Having considered Plaintiffs' papers, the Court DENIES the Application.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To succeed on an application for a TRO, a plaintiff must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008)).  A plaintiff is required "to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under the Ninth Circuit's "sliding-scale test," a temporary restraining order is appropriate if a plaintiff shows "[1] serious questions going to the merits and [2] a balance of hardships that tips

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01985-JLS-ADS | Date: November 30, 2020 |
| Title: Oumere, LLC et al v. Cyrille Raymond Laurent | |

sharply towards the plaintiff[,] . . . [3] a likelihood of irreparable injury[,] and [4] that the injunction is in the public interest." *Wild Rockies*, 632 F.3d at 1135 (internal quotation marks omitted); *see also id*. at 1133 ("[A] weaker claim on the merits can still justify a [temporary restraining order] depending on the amount of 'net harm' that could be prevented by the injunction.").

First, the Court is concerned with the sufficiency of notice of the Application given to Defendant. Plaintiffs state that they electronically served Defendant Cyrille Raymond Laurent, a resident of France, with the Complaint on October 15, 2020; that they are in the process of formally serving Laurent with the Complaint; and that they gave him email notice of the present Application on November 24, 2020—the same day they filed the Application. (*See* Ex. B to Canzoneri Decl., Doc. 10-2.) In the email notice to Laurent—which Plaintiffs attach as an exhibit to the Application—Plaintiffs failed to inform Laurent, as required by this Court's procedures, that he has 24 hours to file an opposition to the TRO Application. (Hon. Josephine L. Staton Procedures Page ¶ 3)[1] ("The [party moving for *ex parte* relief] shall . . . notify the opposing party that any opposition must be filed no later than 24 hours after service."). Nor does it appear that Plaintiffs actually provided Defendant with a copy of the Application before filing it. The sufficiency of notice is particularly important where, as here, the opposing party is seemingly an unrepresented individual defendant and a foreign citizen.

Second, having carefully examined the Application and accompanying materials, the Court finds that Plaintiffs have failed to show an emergency that necessitates the issuance of a temporary restraining order. Plaintiffs complain of allegedly defamatory videos that Laurent published on his YouTube channel in November 2019 and July 2020. (*See* Ouriel Decl., Ex. B to App., Doc. 10-1, ¶ 14.) Yet, Plaintiffs did not file this action until October 14, 2020 and waited another 40 days to file their *ex parte* application. Plaintiffs' lengthy delay in filing the Complaint and Application belies their claim of irreparable harm requiring emergency relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (To "justify *ex parte* relief . . . the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.").

---

[1] The Court's Procedures Page is available at https://www.cacd.uscourts.gov/honorable-josephine-l-staton.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01985-JLS-ADSDate: November 30, 2020
Title: Oumere, LLC et al v. Cyrille Raymond Laurent

    For the foregoing reasons, the Court does not further examine the merits of Plaintiff's Application. This denial is without prejudice to the filing of a properly-noticed and served motion for preliminary injunction.

Initials of Deputy Clerk:  mku